IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT S. BEREZANSKY, | ) | Case No. 3:17-cv-105 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| CBN BANK AND CNB FINANCIAL | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is Defendants' Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)

(ECF No. 6). The Motion has been fully briefed (*see* ECF Nos. 7, 8, 9) and is ripe for disposition.

For the reasons that follow, the Court will DENY Defendants' motion.

### II. Jurisdiction

This Court has subject-matter jurisdiction because Plaintiff's claims arise under federal

law. 28 U.S.C. § 1331. Venue is proper because a substantial part of the events giving rise to

Plaintiff's claims occurred in the Western District of Pennsylvania. 28 U.S.C. § 1391(b)(2).

III. **Background**

A. **Factual Background**[1]

This case arises from Plaintiff's employment with Defendants CNB Bank and CNB Financial Corporation (together "CNB"). From 2004 to Plaintiff's termination in 2011, Plaintiff was employed as CNB's Senior Vice President of Commercial Loans.[2] (*Id.* at ¶ 13.) Plaintiff is sixty-three (63) years old. (*See* ECF No. 1 at ¶ 1.) During Plaintiff's employment with CNB, CNB "had actual and/or constructive knowledge of [Plaintiff's] age." (*Id.* at ¶ 12.)

During his employment with CNB, Plaintiff became aware that female employees "were being subjected to sexual harassment and/or sex discrimination." (*Id.* at ¶ 14.) Plaintiff reported the sexual harassment and/or sexual discrimination to Joseph B. Bower, Jr. ("Bower"), CNB's President and Chief Executive Officer. (*Id.* at ¶ 15.) Specifically, in late May 2011, Plaintiff met with Bower and "informed Mr. Bower that one of the aforementioned female employees had been subjected to sexual harassment and/or sex discrimination." (*Id.* at ¶ 16.) Plaintiff further requested that CNB and/or Bower "intervene and provide assistance to the aforementioned female employee." (*Id.* at ¶ 17.) Plaintiff told Bower that, if Bower and/or CNB did not assist the female employee, Plaintiff would assist her himself. (*Id.*)

CNB terminated Plaintiff's employment on or around June 23, 2011. (*Id.* at ¶ 18.) CNB "hired and/or promoted a younger employee to fulfill Plaintiff's job duties." (*Id.* at ¶ 19.)

---

[1] The following allegations are derived from Plaintiff's Complaint (ECF No. 1). The Court accepts these facts as true for the sole purpose of deciding the pending Motion to Strike.

[2] The Complaint does not state the specific number of years that Plaintiff was employed by CNB.

## B. Procedural Background and Motion to Strike

Plaintiff filed his Complaint before this Court on June 21, 2017. (*See* ECF No. 1.) Plaintiff alleges three counts against CNB: (1) retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; (2) retaliation under the Pennsylvania Human Relations Act, 43 P.S. § 955; and (3) age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*

CNB now moves to strike two paragraphs of Plaintiff's Complaint. (*See, generally*, ECF Nos. 6, 7.) CNB asserts that this Court should strike paragraphs six (6) and seven (7) of the Complaint, which read as follows:

> 6.    On or about January 30, 2017, the United States Equal Opportunity Commission ("EEOC") issued its Determination, in which the EEOC found reasonable cause to believe that Plaintiff was discharged in retaliation for reporting sexual harassment and sex discrimination.
>
> 7.    On or about March 16, 2017, the EEOC issued its Notice of Conciliation Failure, advising that its efforts to conciliate Plaintiff's charge were unsuccessful.

(ECF No. 1 at ¶¶ 6-7.)

## IV.    Legal Standard

Under Fed. R. Civ. P. 12(f), a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *Nelson v. Bender*, No. 3:15-64, 2015 WL 8207490, at *4 (W.D. Pa. Dec. 7, 2015). The purpose of a motion to strike "is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hay v. Somerset Area*

3

*Sch. Dist.*, No. 3:16-CV-229, 2017 WL 2829700, at *3 (W.D. Pa. June 29, 2017) (quoting *Tennis v. Ford Motor Co.*, 730 F. Supp. 2d 437, 443 (W.D. Pa. 2010)).

Motions to strike "'are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Id.* (quoting *Tennis*, 730 F. Supp. 2d at 443) (internal citations omitted); *see Bender*, 2015 WL 8207490, at *9 ("The standard for striking under Rule 12(f) is strict and only allegations that are so unrelated to plaintiff's claims as to be unworthy of any consideration should be stricken. Striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice.") (quoting *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004)) (internal quotations and citations omitted).

## V. Discussion

CNB contends that this Court should strike paragraphs six and seven of Plaintiff's Complaint because these paragraphs contain "immaterial and impertinent matters that have no bearing upon Plaintiff's claims and are unduly prejudicial to [CNB]." (ECF No. 7 at 1.) To support its argument, CNB asserts that EEOC determinations and attempts to settle are inadmissible at trial. (*Id.* at 4.) CNB further argues that "[t]he only purpose served by reference to [the EEOC Determination and Notice of Conciliation failure] is to improperly cast a derogatory light on [CNB]." (*Id.*)

In response, Plaintiff contends that paragraphs six and seven are not immaterial, impertinent, and/or scandalous. (ECF No. 9 at 4.) Rather, Plaintiff asserts that paragraphs six and seven provide important background information because they establish "that Plaintiff has exhausted the requisite administrative remedies" mandated under Title VII. (*Id.* at 5.) Plaintiff

4

further asserts that paragraphs six and seven are not prejudicial to CNB because the pleadings are not read to the jurors at trial. (*Id.*)

The Court is unpersuaded by CNB's argument that this Court should grant its Motion to Strike. The Court agrees with CNB that the EEOC Determination Letter and the Notice of Conciliation bear little relevance to the allegations in the Complaint. However, the Court finds that paragraphs six and seven will not prejudice CNB. This is especially true "in light of the fact that pleadings . . . are not read to jurors." *Lifetouch Nat'l Sch. Studios Inc. v. Roles*, No. 3:15-CV-234, 2016 WL 3440620, at *2 (W.D. Pa. June 20, 2016) (Gibson, J.) (denying motion to strike) (citing *Ratvasky v. Citizens National Bank*, 2005 WL 3289343, at *2 (W.D. Pa. Dec. 5, 2005)).

The Court emphasizes that "Rule 12(f) motions are disfavored in general," and are "particularly" disfavored where the risk of prejudice is absent. *Ratvasky*, 2005 WL 3289343, at *2 (denying motion to strike) (citing *Abrams v. Lightolier, Inc.*, 702 F.Supp. 509. 511 (D. N.J. 1989)); *see also Abu-Jamal v. Kerestes*, No. 3:15-CV-00967, 2016 WL 3180178, at *2 (M.D. Pa. June 3, 2016) ("Motions to strike are regarded with disfavor because [] of the limited importance of pleadings in federal practice.") (internal citations and quotation marks omitted). As noted above, the threat of prejudice is not present here. Accordingly, the Court will deny CNB's Motion to Strike.

The Court is unpersuaded by the authorities CNB cites in support of its Motion to Strike. CNB points to *Defazio v. River City Brass Band, Inc.*, No. CIV.A. 07-546, 2007 WL 3072257, at *2 (W.D. Pa. Oct. 19, 2007), where the district court, in granting plaintiff's motion to strike, found only that the information about the EEOC letter was "immaterial to state a cause of action for retaliation under Title VII or the PHRA" *id.*; the court *did not* discuss whether the challenged portions of the complaint might prejudice the defendant. The Court respectfully disagrees with

the approach taken in *Defazio*. Motions to strike "are not favored and usually will be denied unless the allegations have no possible relation to the controversy *and may cause prejudice to one of the parties* . . . ". *Hay*, 2017 WL 2829700, at *3. In the absence of prejudice, this Court will not grant a motion to strike. Because prejudice is not present here, the Court will deny CNB's Motion to Strike.

The Court is also unpersuaded by *Coleman v. Home Depot, Inc.*, 306 F.3d 1333 (3d Cir. 2002). *Coleman* is inapposite. In *Coleman*, the Third Circuit held that the trial court did not abuse its discretion by excluding the EEOC's determination letter from evidence under Fed. R. Evid. 403. *Id.* at 1347. *Coleman* did not involve the question of whether a district court should strike references to an EEOC determination letter that appear in a complaint. Accordingly, *Coleman* does not apply here.

## VI.    Conclusion

In conclusion, the Court finds that, while the allegations in paragraphs six and seven of Plaintiff's Complaint bear little relevance to his causes of action, these paragraphs will not prejudice CNB. Accordingly, this Court will deny CNB's Motion to Strike.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT S. BEREZANSKY,** | ) | **Case No. 3:17-cv-105** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE KIM R. GIBSON** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CBN BANK AND CNB FINANCIAL** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

NOW, this $\underline{17^{th}}$ day of January, 2018, upon consideration of Defendants' Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (ECF No. 6), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that said Motion is **DENIED.**

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**